UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Natasha Monique Hobbs | ) CASE NO. 16-72523-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

## CHAPTER 13 TRUSTEE'S
## OBJECTION TO CONFIRMATION & MOTION TO DISMISS

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Debtor has failed to provide copies of all pay advices received within sixty (60) days of filing the instant case, in violation of 11 U.S.C. Section 521(a)(1)(B)(iv). Further, Debtor's declaration is false in that it states she did not receive pay advices, but her 341 testimony was contrary to that declaration.

2. In accordance with General Order No. 18-2015 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $2,560.00 per month full-time income, $700.00 per month family contribution income, and $50.00 per week domestic support obligation income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. The Chapter 13 budget erroneously scheduled the Debtor's domestic support obligation income of $50.00 per week as business income; thereby preventing the contribution of all disposable income to this plan. 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), and 1325(b).

4. The Plan should be amended to include a provision that, "Any federal tax refunds the Debtor is entitled to receive during the applicable commitment period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee. Upon written request to the Chapter 13 Trustee, the Debtor may retain up to $1,500.00 of a tax refund without a motion being filed." 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/Adam M. Goodman
Adam M. Goodman
Chapter 13 Trustee
GA Bar No. 300887

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Natasha Monique Hobbs | ) | CASE NO.: 16-72523-LRC |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

16-72523-LRC          **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    Natasha Monique Hobbs
    634 Roy Huie Dr.
    Apt 4-F
    Riverdale, GA  30274

    DEBTOR(S) ATTORNEY:
    BERRY & ASSOCIATES
    2751 BUFORD HWY NE, STE 600
    ATLANTA, GA  30324

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, February 22, 2017

/s/ _____
Adam M. Goodman
GA Bar No. 300887
Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:    678-510-1450